# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

MICHAEL HARVEY

VERSUS

UNITED STATES OF AMERICA

CIVIL ACTION

15-00819-JJB-EWD

## RULING

Before the Court are cross-motions for summary judgment filed by *Pro Se* Plaintiff, Michael Harvey ("Harvey" or "Plaintiff") and Defendant, United States of America ("Government").[1]  Both *Motions* are opposed.[2]  Both parties have filed *Replies* in further support of their *Motions*.[3]  Oral argument is unnecessary.  The Court's jurisdiction exists pursuant to 28 U.S.C. § 1340.  For the following reasons, the Government's *Motion* shall be granted, and Harvey's *Motion* shall be denied.

## I.     STATEMENT OF MATERIAL FACTS

As an initial matter, the Court finds that the Government's *Statement of Undisputed Material Facts*[4] shall be deemed admitted for the purposes of the Government's *Motion* due to Harvey's failure to controvert them as required by Local Civil Rule 56(b).  Local Civil Rule 56(b) requires the nonmoving party to submit disputed facts as to which there is a genuine issue to be tried.[5]  Harvey has failed to identify evidence in the record and

---

[1] Doc. 26 and Doc. 28.
[2] Doc. 32 and Doc. 33.
[3] Doc. 34 and Doc. 35.
[4] Doc. 28-1. The Government cites to the *Declaration* of Kathryn F. Cromwell, Harvey's deposition testimony, and Harvey's Interrogatory Responses in support of its *Statement of Uncontested Material Facts.*
[5] Local Rule 56(b) states: "[e]ach copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which the opponent contends there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the

articulate how this evidence would create a genuine issue of material fact as required by this Court's local rules.[6] Accordingly, the Court finds that Harvey has failed to comply with Local Rule 56. The Government's facts in support of its *Motion* shall be deemed admitted.

The Court further finds that while Harvey did submit a *Statement of Material Facts No Genuine Issue*[7] in support of his *Motion for Summary Judgment*, his facts call for legal conclusions; therefore, they are not facts for summary judgment purposes. Moreover, the Government has offered controverting supporting evidence to dispute each of Harvey's facts. Accordingly, Harvey's *Statement of Material Facts* submitted in support of his *Motion for Summary Judgment* shall not be considered by the Court in conducting its analysis.

## II.   RELEVANT FACTUAL BACKGROUND[8]

The Plaintiff graduated from Louisiana State University in 1986 with a Bachelor of Science degree in Geology.[9] He began working as a full-time geologist for the Louisiana

---

moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this Rule."

[6] Harvey submitted 14 attachments with his *Motion* and *Opposition*, but failed to cite to and articulate how this evidence creates a genuine issue of material fact. These attachments totaled over 200 pages and included: public notices authored by Harvey to "Law Enforcement, Sheriffs. Elected Officials, and Bar Association Members;" a statement titled "In the Presence of God, Pope Francis, and the World;" a "Declaration of Political Character, Status, and Allegiance;" copies of correspondence sent to and from the IRS; copies of Freedom of Information Act requests that he made to the IRS (along with IRS responses); copies of transaction codes from an Internal Revenue Manual; several volumes of reports prepared by the Government Accountability Office to the Commissioner of the IRS; and copies of IRS transcripts. The Court is under no obligation to search through them in order to identify a disputed fact. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)("The court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."(citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

[7] Doc. 26-1.

[8] The majority of the facts comprising the "Factual Background" are taken from the Government's *Statement of Undisputed Material Facts* because they are not in dispute for those reasons set forth by the Court in Section I of this *Ruling*.

[9] Doc. 28-4, at 9.

2

Department of Natural Resources' Office of Mineral Resources ("OMR"), located in Baton Rouge, Louisiana, in 1999.[10] Since 2008, he has owned and maintained a permanent residence in Baton Rouge.[11] It is at this residence where Harvey submitted to and received correspondence from the IRS related to the determination and collection of his federal tax liabilities.[12] Although Harvey retained some of this correspondence, he disposed of several documents without making a record of what specifically was submitted to or received from the IRS prior to disposing of these documents.[13]

### A. Notices of Federal Tax Lien

On February 3, 2009, the IRS filed a Form 668(Y)(c) "Notice of Federal Tax Lien" ("NFTL") against Harvey with the Clerk of Court of East Baton Rouge Parish, Louisiana ("Clerk of Court").[14] The NFTL referenced a total tax liability amount of $10,888.43, which included Harvey's 2005 and 2006 federal income tax liabilities and a penalty for frivolous tax submission under 26 U.S.C. § 6702 for the 2004 tax year.[15] The NTFL was released on September 24, 2009 when the IRS filed a Form 668(Z) "Certificate of Release of Federal Tax Lien" ("Release") with the Clerk of Court, after determining that Harvey satisfied the tax liabilities and penalties listed in the NFTL.[16]

On September 21, 2012, the IRS filed two additional NFTLs against Harvey.[17] The first NFTL (Serial No. 893076912) provided Harvey with record notice of federal tax liens against him in the total amount of $109,963.70, which included his tax liabilities from 2007,

---

[10] *Id.* at 18.
[11] *Id.* at 25.
[12] *Id.* at 27.
[13] *Id.* at 32.
[14] Doc. 28-28.
[15] *Id.*
[16] Doc. 28-31.
[17] Doc. 1, ¶9.

2009, and 2010, as well as penalties for frivolous tax submission ("Tax Submission Penalties") for 2006, 2007, 2008, and 2009 tax years.[18] The second NFTL (Serial No. 893077012) provided Harvey with record notice of a total tax liability in the amount of $10,017.24, which was solely based on tax submission penalties for the 2010 tax year.[19]

For all three NFTLs, the IRS gave Harvey timely notice and demand for payment as required under 26 U.S.C. § 6303.[20] For both NFTLs issued on September 21, 2012, the IRS gave Harvey timely notice of the filing as required under 26 U.S.C. § 6320.[21]

### B. Notices of Levy

On October 23, 2012, the IRS issued two Form 668-A "Notices of Levy" ("NOL"), both in the amount of $104,527.49.[22] The first one was issued to Whitney Bank, where Harvey maintained his personal bank account, and the second was issued to Harvey's employer, the State of Louisiana's Office of State Uniform Payroll.[23] Both NOLs referenced Harvey's federal tax liabilities for 2007 and 2010, as well as his tax submission penalties for 2006, 2007, 2009, and 2010.[24] A third NOL was issued on November 29, 2012 to Whitney Bank in the amount of $106,249.28, which also included Harvey's 2009 income tax liability.[25] In each instance, the IRS gave Harvey timely notice of its intent to levy as required under 26 U.S.C. § 6331(d).[26]

---

[18] Doc. 28-29.
[19] Doc. 28-30.
[20] Doc. 28-3, at ¶7.
[21] *Id.* at ¶11.
[22] Doc. 28-6.
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] Doc. 28-1, at ¶10.

On January 9, 2013, the IRS received a levy payment in the amount of $880.19, which satisfied Harvey's 2009 income tax liability.[27] An additional levy payment was received on January 29, 2013 in the amount of $1,450.31, which satisfied Harvey's 2007 income tax liability.[28] Harvey's 2010 income tax liability was satisfied when the IRS received another levy payment in the amount of $1,450.31.[29] In total, the IRS received $5,858.45 in 2012 and $21,834.11 in 2013 from the wage levy issued to Harvey's employer.[30] The final payment received by the IRS from Harvey's employer was on August 9, 2013.[31]

### C. Administrative Claims

On May 31, 2015, Harvey submitted an administrative claim to the IRS demanding, *inter alia*, that the IRS issue a certificate of release for the three NFTLs filed against him and an award of damages for what he termed the "unlawful garnishment of his paycheck."[32] Harvey submitted a second administrative claim on July 26, 2015, requesting the same relief as in his first administrative claim, but also demanding an award of damages for what he termed "fraudulent securities" for the three NFTLs and three NOLs.[33] Harvey claimed that he was owed $250,000.00 for each NFTL and NOL issued by the IRS.[34]

---

[27] Doc. 28-12, at 3.
[28] Doc. 28-3, at 18.
[29] *Id.* at 24.
[30] Doc. 28-1, at 6.
[31] *Id.*
[32] Doc. 1-4.
[33] Doc. 1-5.
[34] *Id.*

## III.    PROCEDURAL HISTORY

On December 4, 2015, Harvey filed the instant lawsuit against the Government alleging that the IRS negligently failed to release several liens on his property in violation of 26 U.S.C. § 6325(a)(1), for which he claimed he was entitled to damages under 26 U.S.C. §§ 7432(a) and 7433.[35]

The Government now moves for summary judgment on the grounds that Harvey's claims are either barred by the two-year statute of limitations under 26 U.S.C. §§ 7432 and 7433, or because he has failed to offer competent summary judgment evidence of damages.    The Government also characterizes Harvey's claims of wrongful tax assessment as "frivolous tax defier constitutional arguments that have repeatedly been rejected by the federal courts."[36]  The Government seeks dismissal of Harvey's claims with prejudice and an award of its costs associated with this action.

In response, Harvey has filed an *Opposition* and his own *Motion for Summary Judgment* in support of his claims.  Essentially Harvey argues that the tax liens and levies filed against him should have been released by the IRS because they were either unenforceable or the underlying tax liability had already been satisfied.  The Government disagrees with Harvey's arguments.

## IV.    LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[35] Doc. 1. Although the Plaintiff asserted his claim in the original *Complaint* primarily under 26 U.S.C. § 7432, given his status as a *pro se* plaintiff and numerous references to both statutes in the exhibits, the Government concedes the original *Complaint* as including claims for damages under both 26 U.S.C. §7432 and 26 U.S.C. § 7433 (see Doc. 28-2, at 1).
[36] Doc. 28-2, at 2.

of law."[37] "An issue is material if its resolution could affect the outcome of the action."[38] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[39] "A party moving for summary judgment 'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[40] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[41] However, the non-moving party's "burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[42]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[43] The Court must resolve all reasonable factual inferences in favor of the nonmoving party.[44] However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate

---

[37] Fed. R. Civ. P. 56(a).

[38] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005)(quoting *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003)).

[39] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[40] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D.La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)).

[41] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)(internal quotations omitted)).

[42] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal quotations and citations omitted)).

[43] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[44] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

precisely how this evidence supports his claim."[45] "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without 'any significant probative evidence tending to support the complaint.'"[46]

The Court recognizes that it is well-established that *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers."[47] *Pro Se* litigants are not, however, relieved of their burden under summary judgment standards to establish the existence of a genuine issue as to material facts in order to avoid summary judgment.[48] The Fifth Circuit has held that irrespective of whether a plaintiff is a *pro se* litigant or whether he is represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a dispositive motion."[49]

## V.    ANALYSIS

Harvey appears to have raised four claims against the Government.    Harvey alleges (1) that the tax liabilities and penalties assessed against him are unenforceable; (2) that the assessment of penalties for frivolous tax filing are invalid; (3) that the IRS knowingly and negligently failed to release tax liens filed against him in violation of 26 U.S.C. § 7432; and (4) that the IRS engaged in reckless, intentional, or negligent

---

[45] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

[46] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249)(citation omitted)).

[47] *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

[48] *Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990), cert. denied, 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991).

[49] *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001).

collection actions in violation of 26 U.S.C. § 7433. The Court will examine each of these claims in turn.

## A. Enforceability of Tax Liabilities Assessed Against Harvey

In his *Complaint*, Harvey challenges the enforceability of the tax liabilities assessed against him by the IRS. Specifically, Harvey asserts that any tax liabilities assessed against him are unenforceable because he neither occupies a federal public office nor is he bound by any enforceable legal contract with the federal government.[50] Harvey also challenges his liability for penalties assessed against him for frivolous tax filing under 26 U.S.C. § 6702 by claiming that the IRS lacks the authority to impose any civil penalties.[51]

Before delving any further into its analysis, the Court finds that it is necessary to address the fact that, contrary to Harvey's stated position otherwise, he provides no constitutional support for his claims of unenforceability of the tax liabilities assessed by the IRS. In fact, the United States Constitution explicitly declares the opposite. The Sixteenth Amendment provides that "Congress shall have the power to lay and collect taxes on incomes, from whatever sources derived, without apportionment among the several states, and without regard to any census or enumeration."[52] Moreover, courts have repeatedly held that plaintiffs like Harvey cannot claim immunity from tax liability and reject responsibilities owed to the government while simultaneously enjoying the benefits of United States citizenship.[53]

---

[50] Doc. 1, ¶23.
[51] Doc 1, ¶26.
[52] U.S. Const. amend. XVI.
[53] *Sochia v. Federal-Republic's Cent. Gov't*, No. SA-06-1006-XR, 2006 WL 3372509, at *3 (W.D. Tex. Nov. 20, 2006) (noting that, while claiming to be sovereign citizens, petitioners had no difficulty enjoying the benefits of United States citizenship by receiving social security benefits, working at educational institutions that receive federal funds, and seeking recourse through the judicial system).

For these reasons, the Fifth Circuit has routinely upheld dismissal of these types of constitutional tax challenges. In fact, Harvey's claims are strikingly similar those asserted by the plaintiff in the often-cited case of *Crain v. Commissioner of Internal Revenue*.[54] In that case, the plaintiff challenged the constitutional authority of the IRS, asserting that he was "not subject to the jurisdiction, taxation, nor regulation" of the government, and that the IRS lacked the ability to enforce the United States Tax Code.[55] The *Crain* court strongly rejected these claims, holding "[w]e perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."[56] The court further explained that "[t]he constitutionality of our income tax system—including the role played within that system by the Internal Revenue Service and the Tax Court—has long been established."[57]

In the present case, Harvey asserts the same constitutional challenges against the Government, claiming that he is not subject to the United States Tax Code ("Code"), and that the IRS lacks jurisdiction to assess tax liabilities against him. Like the plaintiff in *Crain*, in asserting his challenge to the authority and jurisdiction of the IRS to assess tax liability, Harvey relies on arguments that have long been rejected by the Fifth Circuit. Accordingly, the Court finds that Harvey's challenges to the enforceability of the assessments are without merit and shall be denied.

---

[54] *Crain*, 737 F.2d 1417 (5th Cir. 1984).
[55] *Id.*
[56] *Id.*
[57] *Id.* at 1418.

**B. Validity of the Tax Liabilities Assessed Against Harvey**

In addition to claiming that the tax liability assessments made by the IRS are unenforceable, Harvey also challenges the validity of his assessed penalties for frivolous tax filing under 26 U.S.C. § 6702. In support of his claim, Harvey makes three contentions that the Government disputes both factually and legally.

First, Harvey claims that the Government has failed to show that the Section 6702 civil penalties were validly assessed against him by the IRS. To support this contention, Harvey claims that the document codes entered into his Individual Master File ("IMF") transcript do not correlate with their purported associated transaction codes found in the Internal Revenue Manual ("IRM").

Second, Harvey asserts that all electronic records that the IRS used as the basis for assessing his tax liabilities are invalid because they are "unreliable and not admissible."[58] To support this contention, Harvey submits a series of public reports prepared by the United States Government Accountability Office for the Commissioner of Internal Revenue identifying general recommendations to improve the IRS's information security program.[59] In his *Motion*, Harvey includes several randomly selected excerpts from these reports as evidence that the assessments listed on his NFTL were invalid.[60]

Harvey's third contention is that the assessments are invalid because of the Government's "unauthorized and continuous use of 'glossa.'"[61] Harvey references the

---

[58] Doc. 26-2, ¶20.
[59] Docs. 33-3 through 33-12.
[60] Doc. 26-2, ¶20.
[61] Doc 26-2, ¶21.

Chicago Manual of Styles' definition of "glossa" as being "[t]he use of all capital letters to express a name or other content."[62]

The Court finds that Harvey has failed to produce evidence that his three contentions actually resulted in the assessment of erroneous penalties against him. Additionally, Harvey seems to concede that his contentions merely "call into question the reliability of all transcripts and in turn, all notices of federal tax liens in question with civil penalties listed."[63] Furthermore, Harvey has failed to rebut the presumption of valid assessment and notice routinely accorded Certificates of Assessments and Payment in the Fifth Circuit.

In contrast, the Government has submitted Certificates of Assessments and Payment for all of Harvey's income tax liabilities and Section 6702 penalties,[64] which were prepared under seal and have been held to be admissible under the Federal Rules of Evidence.[65] For instance, the Fifth Circuit has held that, "[a] Certificate of Assessments and Payment...has been held to be presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption."[66] The Government has also submitted a Declaration made by IRS Technical Services Advisor Kathryn F. Cromwell ("IRS Technical Advisor Cromwell") in which she attests to the validity of the assessments made by the IRS including the issuance of proper notice and demand for payment regarding each assessment.[67]

---

[62] Doc. 26-2, ¶22.
[63] Doc 26-2, ¶19.
[64] Doc. 28, Exhibits 3-1 and 4-1 through 4-10.
[65] *McCarty v. United States*, 929 F.2d 1085, 1089 (5th Cir. 1991).
[66] United States v. McCallum, 970 F.2d 66, 71 (5th Cir. 1992).
[67] Doc. 28-1.

Accordingly, the Court finds that no reasonable juror could conclude that the tax liability assessed against Harvey by the IRS was invalid. Rather, the record evidence clearly establishes the validity of such assessments, including the Section 6702 penalty assessments for frivolous tax submission. Therefore, the Court finds that Harvey's challenges to the validity of the assessments lack merit and shall be denied.

## C. Section 7432: Failure to Release Tax Lien Claim

In his original *Complaint*, Harvey asserted a claim under 26 U.S.C. § 7432, which waives governmental sovereign immunity and creates a civil action in instances where "any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under Section 6325 on property of the taxpayer...."[68] Aside from challenging the underlying validity of the assessments made by the IRS, which the Court has previously addressed, Harvey's Section 7432 claim focuses on three NFTLs that he alleges the IRS failed to release after the liabilities had been satisfied: (1) the NFTL filed on February 3, 2009 (for Harvey's 2005 and 2006 income tax liabilities and a tax submission penalty for 2004); (2) the NFTL filed on September 21, 2012 (for Harvey's 2007, 2009, and 2010 tax income liabilities and tax submission penalties for 2006, 2007, 2008, and 2009); and (3) the NFTL also filed on September 21, 2012 (for Harvey's tax submission penalty for 2010). The Government asserts that Harvey's claims are either time barred by the applicable statute of limitations, or that he has failed to establish damages.

Under 26 U.S.C. § 6325, the IRS is required to release a lien no later than thirty (30) days after determining that the liabilities listed on the lien have been entirely satisfied

---

[68] 26 U.S.C. § 7432(a).

or have become legally unenforceable.[69]  While the release of a lien by the IRS is automatic once all liabilities listed on a NFTL have been satisfied, a certificate of release must be requested by the taxpayer in situations where the NFTL lists tax liabilities and/or penalties from multiple tax years and only some of the liabilities and/or penalties have been satisfied.[70]

In order to successfully prove a claim for failure to release a federal tax lien under 26 U.S.C. § 7432, a plaintiff must show that an officer or employee of the IRS knowingly or negligently failed to release a lien after 30 days even though (1) the liability on the lien had been satisfied; (2) the lien was legally unenforceable; or (3) the plaintiff furnished a bond that was accepted by the IRS conditioned upon the payment of the amount covered by the liens.[71]  To recover damages under this section, a plaintiff must also prove actual, direct economic damages, "which, but for the actions of the defendant," in negligently failing to release the lien, would not have been sustained.[72]

Section 7432 includes a two-year statute of limitations and an administrative exhaustion requirement.[73]  It is well-established that, if a waiver of sovereign immunity— like 26 U.S.C. § 7432—contains a statute of limitations period, a plaintiff's failure to file an action within that prescriptive period deprives the court of jurisdiction.[74]  The Fifth Circuit has held that inclusion of statutes of limitations within waivers of sovereign immunity are more than just waivable defenses; they are terms of consent that operate to deprive federal courts of jurisdiction if not followed.[75]  A claim under 26 U.S.C. § 7432

---

[69] 26 U.S.C. § 6325.
[70] 26 C.F.R. § 301.6325-1(a)(6).
[71] *Don Johnson Motors, Inc. v. United States*, 532 F. Supp.2d 844, 854 (S.D. Tex. 2007).
[72] *Id.*
[73] 26 U.S.C. § 7432(d)(1), (3).
[74] *United States v. Dalm*, 494 U.S. 596, 608 (1990).
[75] *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1287 (5th Cir. 1997).

begins to accrue "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action."[76] Courts have held that the language "reasonable opportunity" sets a relatively low bar because it "bars a suit if the plaintiff had such notice as would lead a reasonable person either to sue or to launch an investigation that would likely uncover the requisite facts."[77]

The Government asserts that Harvey's 26 U.S.C. § 7432 claim is time barred because it began to accrue more than two years prior to the date that he filed his lawsuit. Specifically, the Government asserts that, at the latest, Harvey's claim began to accrue in 2012 after the IRS sent him timely notices of the filings of the two September 21, 2012 NFTLs through the Notices of Lien Filing and Right to Collection Due Process Hearing, which were mailed on September 20, 2012.[78] The Government further asserts that the majority of Harvey's claims remained unsatisfied at the time he filed the two administrative claims on May 31, 2015 and July 26, 2015, and therefore were not subject to release.[79] In his *Opposition*, Harvey asserts that his action is not time barred because he considers the language "reasonable opportunity to discover all essential elements of a possible cause of action" to include the discovery phase of the pre-trial litigation process.[80] In the

---

[76] 26 C.F.R. § 301.7432-1(i)(2).

[77] *Keohane v. United States*, 669 F.3d 325, 329 (D.C. Cir. 2012)(quoting *Sparshott v. Feld Entertainment, Inc.*, 311 F.3d 425, 428-429 (D.C. Cir. 2002)).

[78] Doc. 28-1, ¶11. It is noted that the Government asserts that the first NFTL began to accrue in 2009 when it was filed on February 3, 2009, which is also more than two years from December 4, 2015 (the date that Harvey filed suit).

[79] Doc. 28-2, 3. Although the Government concedes that at the time he filed his administrative claims on May 31, 2015 and July 26, 2015, Harvey had satisfied the income tax liabilities for 2007, 2009, and 2010, it nonetheless contends that the September 21, 2012 NFTL, which included those liabilities, also included tax submission penalties which were not satisfied at the time of his administrative claims. Therefore, the IRS was under no obligation to release any of the liens listed on the NFTL.

[80] Doc. 33, ¶14.

alternative, Harvey claims that the statute of limitations should be tolled under the "continuing wrong" doctrine.[81]

The Government has offered competent summary judgment evidence that show when the three NFTLs were filed with the Clerk of Court—one on February 3, 2009 and two on September 21, 2009. The Government has also offered evidence that delineates the notification process used to inform Harvey of the liens. In response, Harvey has failed to come forward with any competent summary judgment evidence to refute the Government's evidence. Harvey has also failed to offer any evidentiary or legal support for his conclusory opinion that "reasonable opportunity to discover all essential elements" should be interpreted to include "discovery." Considering that Harvey's lawsuit was filed on December 4, 2014—more than six years after his February 3, 2009 NFTL was filed and more than three years after his two September 21, 2012 NFTLs were filed—the Court finds that Harvey's 26 U.S.C. § 7432 claims have prescribed.

The Court now turns to Harvey's argument that the statute of limitations should be tolled under the continuing violation doctrine. Generally, the continuing violation doctrine allows a plaintiff to reach back to the beginning of a claim in certain circumstances, even if that means going outside of the statutory time period.[82] However, federal tax courts have consistently held that the filing of a lien does not implicate the continuing violation doctrine, even if that single act has lingering effects.[83] Harvey has also offered no explanation as to why he failed to timely file his lawsuit within the two-year statute of limitations, nor does he adduce any evidence demonstrating circumstances warranting

---

[81] Doc. 33, ¶16.
[82] *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001).
[83] *Macklin v. United States*, 300 F.3d 814, 824 (7th Cir. 2002).

equitable tolling. For these reasons, the Court finds that Harvey's continuing violation doctrine argument is without merit.

In the alternative, the Court also finds that Harvey has failed to demonstrate that all of the liabilities had been fully satisfied at the time he filed his administrative claim, and that the failure to release the three liens entitles him to damages.

The record demonstrates that the NFTL filed on February 3, 2009 was released on September 24, 2009—almost six years prior to Harvey filing his first administrative claim on May 31, 2015. Therefore, Harvey's claim for damages for failure to release this NFTL is moot and should also be dismissed on this ground.

With regard to the liabilities listed on the first NFTL filed on September 21, 2012, the Government concedes that Harvey satisfied the listed income tax liabilities (for 2007, 2009, and 2010). However, the Government contends that the tax submission penalties for 2007, 2008, and 2009 that were also listed on the NFTL, remained unsatisfied and were not subject to release. This assertion is supported by the evidence in the record, which includes a copy of the NFTL, Certificates of Assessments and Payment indicating the unpaid balance, and the Declaration by IRS Advisor Cromwell. As a result, the Government argues that Harvey is unable to establish that the failure to release only some of the liabilities on the NFTL was the "but for" cause of the damages he seeks to recover under Section 7432. Harvey has offered no evidence to dispute the Government's contention.

The Court finds the decision of *Don Johnson Motors, Inc. v. United States* to be instructive on this point.[84] In *Don Johnson Motors,* the court found that an NFTL listing

---

[84] *Don Johnson Motors, Inc. v. United States*, 532 F. Supp.2d 844, 847 (S.D. Tex. 2007).

two years of tax liabilities should have been released because the liabilities had been satisfied by the taxpayer at the time of the filing of his administrative clam.[85] The court also held that the taxpayer failed to prove that he was entitled to damages under Section 7432 because the IRS had correctly refused to release another NFTL that remained unsatisfied at the time he filed his administrative claim.[86] This precluded the taxpayer from proving that the failure to release the satisfied NFTL was the "but for" cause of his damages since the other NFTL would have correctly remained of record.[87]

In the present case, the record demonstrates that at the time he filed his administrative claim, Harvey had satisfied his income tax liabilities for 2007, 2008, and 2010, which was reflected on the NFTL filed on September 21, 2012. However, like the plaintiff in *Don Johnson Motors*, Harvey has produced no evidence that he was entitled to recover damages under Section 7432 because the other federal tax liabilities listed on his NFTL (tax submission penalties for 2007, 2008, 2009, and 2010) remained unsatisfied and were correctly of record. Therefore, the IRS correctly refused to release the first NFTL filed on September 21, 2012. Accordingly, the Court finds that Harvey has not established that the failure to release the first September 21, 2012 NFTL was the "but for" cause of the damages that he claims to have suffered.

Finally, there is no evidence that, at the time of the filing of his administrative claim, Harvey had satisfied the tax submission penalty for 2010 that was reflected on the second NFTL filed on September 21, 2012. In fact, Harvey has offered no evidence to refute the

---

[85] *Id.* at 868.
[86] *Id.* at 873.
[87] *Id.* The Court found that the plaintiff had failed to prove that the IRS's failure to release the lien was "by itself, sufficient to cause the damages set out by the Plaintiff."

Declaration of IRS Advisor Cromwell, in which she attests that as of May 10, 2017, the tax submission penalties for 2007, 2008, 2009, and 2010 remain unsatisfied.[88]

Based on the foregoing, the Court finds that because Harvey's claim was not filed within the applicable two-year statute of limitations period, the Court lacks jurisdiction over his 26 U.S.C. § 7432 claim. Because Harvey has failed to demonstrate that he was entitled to recover damages as required under the statute, the Court further finds that Harvey's claims under Section 7432 lack merit.

### D. Section 7433: Unauthorized Collection Activity Claim

Harvey also asserts a claim under 26 U.S.C. § 7433. This statute waives governmental sovereign immunity and creates a civil action in instances where any officer or employee of the IRS engages in an unlawful collection activity through reckless, intentional, or negligent disregard of any provision or regulation found under Title 26 of the United States Code.[89] Harvey's Section 7433 claim is premised on three levies that the IRS originated in 2012 in an attempt to collect on his unpaid debt obligations. Two of the levies were issued to Whitney Bank, where Harvey maintained his personal bank account. The remaining levy was issued to Harvey's employer, the Office of State Uniform Payroll. Harvey did not allege in his original *Complaint* that the IRS engaged in unlawful collection activities in connection with the issuance of the three levies. Instead, Harvey claimed that the levies resulted from the invalid NFTLs and, as a result, were invalid as well.[90] The Government asserts that Harvey's claims are either time barred by the applicable statute of limitations, or that he has failed to establish damages.

---

[88] Doc. 28-3, ¶¶5, 6.
[89] 26 U.S.C. § 7433.
[90] Doc. 1, ¶¶8, 55-57.

In order to successfully prove a claim under 26 U.S.C. § 7433, a plaintiff must show that the IRS recklessly or intentionally disregarded a provision of the Code in connection with the collection of federal taxes.[91] In order to be entitled to a judgment for damages under Section 7433, a plaintiff must show that he has exhausted all remedies available to him within the IRS.[92] The statute also requires that any claim for damages in district court may not exceed the amount of damages listed in the administrative claim unless "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time the administrative claim was filed, or upon allegation and proof of intervening facts relating to the amount of the claim."[93] Section 7433 also limits damages upon a finding of liability to an amount equal to the lesser of $1,000,000.00 ($100,000.00, if based upon negligence) or the sum of the costs of the action and "actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional, or negligent, actions of the officer or employee..."[94] In addition to the administrative exhaustion requirement, Section 7433 also includes a two-year statute of limitations.

The Government essentially re-asserts two of its arguments related to Harvey's Section 7432 claim and Section 7433 claim—that his claims are time barred and he has failed to prove damages. Harvey maintains his argument that the levies were invalid because they were a direct result from the NFTLs, which he asserts were invalid and unenforceable.

---

[91] *Gandy Nursery, Inc. v. U.S.*, 318 F.3d 631, 637 (5th Cir. 2003).
[92] 26 U.S.C. § 7433(d)(1).
[93] 26 C.F.R. § 301.7433-1(f).
[94] 26 C.F.R. § 301.7433-1(b)(1). The regulation goes on to say that "[i]njuries such as inconvenience, emotional distress and loss of reputation are compensable only to the extent that they result in actual pecuniary damages."

Notably, Harvey offers no evidence to support his position. Because the Court has already determined that Harvey's challenges to the validity and enforceability of the assessments are without merit, it will not analyze this argument any further in relation to Harvey's 26 U.S.C. § 7433 claim. Instead, the Court will examine the Government's assertion that Harvey's claim is time barred under Section 7433's two-year statute of limitations.

The Government has established that the three NOLs were issued in October and November of 2012.[95] The record also demonstrates that the IRS gave Harvey notice of its intent to levy at least 30 days before the first levy was issued on October 23, 2012.[96] It is undisputed that Harvey filed this action against the Government on December 4, 2015, which was more than three years after all three NOLs were issued. In spite of the record evidence, Harvey claims that a handwritten note on the front of a letter which lists the date of October 12, 2012 "may be evidence that I did not get timely notice of the intent to levy."[97] Harvey also challenges the validity of the two NOLs issued on October 23, 2012 without offering any evidentiary support. Neither speculation nor unsubstantiated argument constitute proper summary judgment evidence.[98] Accordingly, the Court finds that Harvey's Section 7433 claims have prescribed and that the Court lacks jurisdiction over his claim arising under 26 U.S.C. § 7433.

---

[95] Doc. 28-3, ¶10.
[96] *Id.*
[97] Doc. 33, ¶8.
[98] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). The court held that the non-moving party's "burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."

## VI.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant United States of America's *Motion for Summary Judgment*[99] and DENIES Plaintiff Michael Harvey's *Motion for Summary Judgment*.[100]

Signed in Baton Rouge, Louisiana on November 13 2017

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[99] Doc. 28.
[100] Doc. 26.