UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL HARVEY                                 CIVIL ACTION

VERSUS

UNITED STATES OF AMERICA              NO.: 15-00819-BAJ-EWD

### ORDER

Before the Court is *Pro Se* Plaintiff's Motion for a New Trial. (Doc. 45). In 2015, Plaintiff sued the United States claiming that Defendant, the United States of America, unlawfully levied taxes against him, assessed penalties for frivolous tax filings, negligently failed to release tax liens, and improperly collected taxes against him. *Harvey v. United States*, No. 15-CV-00819, 2017 WL 5347592, at *4 (M.D. La. Nov. 13, 2017). On November 13, 2017, the Court granted summary judgment for the Defendant, *id.*, and on November 15, 2017, the Court then entered a Judgment in favor of the Defendant. (Doc. 44).

On December 14, 2017, Plaintiff Michael Harvey filed a Motion for a New Trial under Federal Rule of Civil Procedure 59, asking the Court to grant him a new trial because the Court "made numerous legal and factual errors and there is newly-discovered evidence, as well as present evidence [sic] that has been ignored." (Doc. 45). However, Plaintiff's Motion is incomprehensible and relies on so-called sovereign citizen arguments. (*See* Doc. 45). For example, Plaintiff writes "You can't force citizenship on anyone nor can you alienate anyone from their nationality. Both of these offenses are big time international war crimes and a capital offense of the sort

1

that involves firing squads and piano wire." *Id.* at p. 9. It is also unclear why Plaintiff seeks a new trial because the Court dismissed his case on summary judgment without holding a trial. Rule 59 only contemplates granting a new trial after a jury or bench trial has already occurred. *See* Fed. R. Civ. P. 59(a)(1).

Even if the Court construed Plaintiff's Motion for a New Trial as a Motion for Reconsideration under Rule 59(e), Plaintiff is not entitled to relief. A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). It "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Plaintiff has not demonstrated that the Court made a manifest error nor does Plaintiff present newly discovered evidence.

Accordingly,

The **Motion for New Trial (Doc. 45)** is **DENIED**.

Baton Rouge, Louisiana, this 9th day of July, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**